```
              IN THE UNITED STATES DISTRICT COURT
                  FOR THE DISTRICT OF NEBRASKA
```

| | | |
|---|---|---|
| KATHRYN SCHULTZ, MARLYS E. REZAIAN, KATHERINE A. CUMMINS, and CONNIE L. NELSON, | ) ) ) ) ) | |
| Plaintiffs, | ) ) | 4:08CV3086 |
| v. | ) ) | |
| WINDSTREAM COMMUNICATIONS, Inc., | ) ) ) | MEMORANDUM AND ORDER |
| Defendant. | ) ) | |

Pending before me is the defendant's motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Filing 16. The complaint alleges the plaintiffs were plan participants in an employee benefit plan that afforded pension benefits to Windstream employees. The plaintiffs claim their jobs were eliminated, and when their employment with Windstream ended, they received reduced pension benefits on the basis of age in violation of the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. §1001, et seq., and the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §621, et seq. The defendant is sued in its capacity as plaintiffs' employer. See filing 1, ¶ 5.

Citing Lockheed Corp. v. Spink, 517 U.S. 882, 890 (1996), the defendant argues dismissal is required because an employer that amends or modifies an employee benefit plan is not acting as a fiduciary, and is therefore not liable under ERISA. Citing Metropolitan Life Ins. Co. v. Glenn, 128 S.Ct. 2343, 2348-49 (2008), the plaintiff argues that an employer who not only creates the employee benefit plan, but also administers it, may be held liable for breach of fiduciary duties owed under ERISA.

The plaintiff's complaint does not allege that Windstream exercised any "discretionary authority or discretionary control respecting management" of the Windstream Plan or disposition of its assets, rendered or had authority to render investment advice with respect to the money and property of the plan, or had any "discretionary authority or discretionary responsibility in the administration" of the plan.  See 29 U.S.C. § 1002(21)(A) (defining "a fiduciary with respect to a plan").  Windstream is alleged to be plaintiffs' employer, but its role with respect to the Windstream Plan is wholly undefined by the complaint. Moreover, the complaint does not allege that plaintiffs' claims arise from plan administration decisions as opposed to amendments made to the plan by Windstream in its capacity as an employer/settlor of the plan.

In its current form, the plaintiffs' complaint is subject to dismissal because it fails to allege the basis for any fiduciary duty owed by the defendant to the plaintiffs under ERISA. However, the plaintiffs' brief requests leave to amend if the court determines that the current complaint is insufficient. Filing 19.  Rule 15(a) of the Federal Rules of Civil Procedure provides that leave to amend "shall be freely given when justice so requires."  Although the plaintiffs have offered little to explain what allegations they could, but have not raised in support of their ERISA claim, the court is reluctant to summarily deny an opportunity to amend at this very early stage of litigation--especially where an affidavit of record offered by the defendant in support of its motion to dismiss states that Marcia Lewis-Smith, a Windstream employee, along with six other Windstream employees acting under her supervision, were "responsible for administering the Windstream Pension Plan." Filing 18, ¶ 2.

The court will afford the plaintiffs an opportunity to further assess whether there is any legal basis for imposing liability against Windstream under ERISA, and to amend their complaint if warranted by the facts.

The defendant further argues that plaintiffs' ADEA claim should be dismissed for failure to plead that the plaintiffs exhausted their administrative remedies before filing suit. The plaintiffs concede they may need to amend their complaint to raise this allegation, and accordingly request leave to do so, but they further assert that exhaustion of administrative remedies is an affirmative defense and not an element of the plaintiffs' claim. Filing 19, p. 6-7.

"Exhaustion of administrative remedies is a condition precedent to the filing of an action under the ADEA in federal court." Parisi v. Boeing Co., 400 F.3d 583, 585 (8th Cir. 2005). To exhaust remedies, the plaintiff must file charges and receive a "right to sue" letter from the EEOC. Shannon v. Ford Motor Co., 72 F.3d 678, 684 (8th Cir. 1996).

The defendant claims a plaintiff seeking recovery under the ADEA must specifically allege that he or she exhausted administrative remedies, and the failure to raise this allegation in the body of the complaint supports dismissal under Rule 12(b)(6) for failure to state a claim. There is legal support for this position. Hornsby v. U.S. Postal Service, 787 F.2d 87, 90 (3d Cir. 1986)("A complaint does not state a claim upon which relief may be granted unless it asserts the satisfaction of the precondition to suit specified by Title VII: prior submission of the claim to the EEOC (or a state conciliation agency) for conciliation or resolution."); Ford v. Pennsylvania, 2008 WL

3

112030, 3 (M.D. Pa. 2008)("Because Plaintiff has not alleged exhaustion in his complaint, he has failed to state a claim upon which relief can be granted and his Title VII claim will be dismissed without prejudice pursuant to Fed.R.Civ.P. 12(b)(6), with leave to file an amended complaint.").

    However, the receipt an EEOC right-to-sue letter is not a jurisdictional prerequisite to filing an ADEA claim, (Hill v. John Chezik Imports, 869 F.2d 1122, 1123-1124 (8th Cir. 1989)), and the failure to complete this exhaustion requirement before filing suit can be corrected after the action has commenced provided the plaintiff promptly takes measures to cure the defect. Jones v. American State Bank, 857 F.2d 494, 499-500 (8th Cir. 1988)("[A] right-to-sue notice is a condition precedent to a filing of a Title VII claim, curable after the action has commenced."). It would be anomalous to hold that a plaintiff can file suit before all the exhaustion requirements are completed and correct any deficiencies later, but must nonetheless allege exhaustion of administrative remedies at the outset in order to avoid dismissal under Rule 12(b)(6) for failure to state a claim. In addition, failure to exhaust administrative remedies is an affirmative defense that the defendant must prove. Miles v. Bellfontaine Habilitation Center, 481 F.3d 1106, 1107 (8th Cir. 2007). Under analogous circumstances, the United States Supreme Court has held that a plaintiff's complaint is not subject to dismissal under Rule 12(b)(6) for failure to allege that administrative remedies were exhausted before filing suit. Jones v. Bock, 549 U.S. 199 (2007)(holding failure to exhaust may be a basis for dismissal of a complaint under the PLRA if the allegations of the complaint establish the affirmative defense, but the plaintiff need not plead exhaustion to state a claim).

Based on the foregoing analysis, the court questions whether a plaintiff seeking recovery under Title VII or the ADEA must specifically allege exhaustion of administrative remedies to state a claim. The court need not, however, decide this issue. The plaintiffs have requested and will be granted leave to amend their complaint to add the exhaustion allegations.

IT THEREFORE HEREBY IS ORDERED:

1. The plaintiffs are given until July 28, 2008 to file a motion to file an amended complaint. The plaintiffs' motion must be filed in accordance with Nebraska Civil Rule 15.1(a), and if the motion is based on or raises substantial issues of law, it must be accompanied by a supporting brief.

2. The defendant's motion to dismiss, filing 16, is denied without prejudice.

DATED this 14th day of July, 2008.

BY THE COURT:

s/ *David L. Piester*
David L. Piester
United States Magistrate Judge

5