```
                  IN THE UNITED STATES DISTRICT COURT
                      FOR THE DISTRICT OF NEBRASKA

KATHRYN SCHULTZ, MARLYS E.     )
REZAIAN, KATHERINE A.          )
CUMMINS, and CONNIE L.         )
NELSON,                        )
                               )
                  Plaintiffs,  )         4:08CV3086
                               )
            v.                 )
                               )
WINDSTREAM COMMUNICATIONS,     )         MEMORANDUM AND ORDER
Inc.,                          )
                               )
                  Defendant.   )
                               )
```

The plaintiffs' amended complaint alleges claims for recovery under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001-1461; the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621, et seq.; and the Nebraska Unjust Discrimination in Employment because of Age Act, Neb. Rev. Stat. § 48-1001 et. seq. Pending before me is the defendant's partial motion to dismiss the plaintiffs' ERISA claim. Filing No. 28. The defendant claims that to the extent the plaintiffs seek recovery under ERISA, those claims must be dismissed for failure to state a claim upon which relief may be granted, (Fed.R.Civ.P 12(b)(6)), and for lack of standing, (Fed.R.Civ.P. 12(b)(1)).

As to their claim for recovery under ERISA, the plaintiffs' amended complaint (filing no. 25) alleges:

The plaintiffs were employees of defendant Windstream Communications, Inc. ("Windstream") and "participants" in the Windstream Pension Plan. The Windstream Benefits Committee is the plan administrator. Windstream, the Windstream Benefits Committee, and a plan trustee to be named by Windstream, were

identified as named fiduciaries under the plan.  Filing No. 25, ¶ 8.

Windstream employees Wiebke, Bates, Boardman, Grant, Schmucker, Gilliand, Wolfgang, and Spath (hereinafter the "younger employees") and the plaintiffs were informed on December 6, 2006 that their positions were being eliminated effective April 13, 2007.  They were further told that the Windstream Pension Plan was being amended to add an early retirement program.  Filing No. 25, ¶¶ 11, 14, 18.

As of April 13, 2007:

-- Plaintiffs Schultz, Rezaian, and Cummins were more than 50 years of age but less than 55 years of age, (filing no. 25, ¶¶ 10, 18);

-- Plaintiff Nelson was 49 years of age, but turned fifty in October of 2007, (filing no. 25, ¶ 18);

-- Each of the plaintiffs had worked for the defendant for more than 25 years but less than 30 years, (filing no. 25, ¶ 18); and,

-- Of the younger employees:

  • employee Wiebke was less than 50 years of age, but had worked for the company for more than thirty years; and

  • employees Bates, Boardman, Grant, Schmucker, Gilliand, Wolfgang, and Spath were less than 50 years of age and had worked for Windstream for less than 30 years, but would have attained 30

>years of service had they remained employed until December 31, 2008.

Filing No. 25, ¶ 18.  The plaintiffs' retirement date was scheduled for April 14, 2007.  The first pension payment under the early retirement program was due to begin on May 1, 2007.  Filing No. 25, ¶¶ 14-16.

The pension plan was amended effective January 17, 2007, but the written plan amendment was not adopted until December 20, 2007.  Filing No. 25, ¶ 12; filing no. 30-3, at CM/ECF pp. 61-65.  No written notice or summary of the early retirement program amendment was provided to the plan participants.  Filing No. 25, ¶ 13.

The plaintiffs allege that the defendant breached its fiduciary duties, and thereby violated ERISA, by adopting a plan amendment and applying it to mean that the accrual of the plaintiffs' pension benefits ceased because they reached the age of 50.  The plaintiff alleges that under the plan amendment as interpreted and applied, the younger employees became eligible to receive full pension benefits, but the plaintiffs were afforded only reduced benefits because they had already attained the age of 50 when their job was terminated.  The plaintiffs further allege the defendant failed to have a written plan that specified the basis on which payments were made, and failed to comply with the plan's procedure for amending the plan.  Filing No. 25, ¶¶ 28-31.

The plaintiffs' amended complaint does not set forth the terms of the plan amendment at issue.  The defendant has offered the plan itself as evidence in support of its motion to dismiss, and asserts that filing this evidence does not convert the motion

to dismiss to a motion for summary judgment. Citing to the plan language, the defendant argues that even in the absence of the plan amendment, the plaintiffs would have been entitled to benefits, and that the plan amendment was adopted to afford pension benefits to the younger employees who were not otherwise eligible but would have been eligible on or before December 31, 2008 had they remained employed.

The arguments advanced by both the plaintiffs and the defendant rest in large part on the language of the plan amendment. Citing to pages 41 through 45 of the plan (filing no. 30-3, pp. 0046-0059, at CM/ECF pp. 46-50), the plaintiff argues:

> Windstream claims to have had the benevolent intent to amend the plan because the affected employees were close to layoff, but not quite eligible so they amended the plan to make the employees eligible if they would have been eligible as of December 31, 2008, though the language does not appear anywhere in the amendment of the plan which was reduced to writing on December 20th 2007, and the plan specifically and arbitrarily lists the names of the persons entitled to retirement though they had not made the milestones as of their layoff date[.]  [T]he plan says it was to be effective January 12, 2007.

Filing No. 33, at p. 2. The defendant broadly cites to pages 46 through 50 of the plan (filing no. 30-3, pp. 0051-0055, at CM/ECF pp. 51-55), as setting forth the plan amendment and defendant's interpretation of its terms. From the court's perspective, it appears the plan amendment, including the listing of plaintiffs' and younger employees' names as referenced in the plaintiffs' brief, is actually located at bates-stamped pages 0061 through 0065 of the plan, (filing no. 30-3, at CM/ECF pp. 61-65), and as applied to the plaintiffs herein, the amendment, in turn, references Volume II, Section 13.37, (filing no. 30-3, at CM/ECF p. 31), and Appendix MM, Section 4.02(a)(3)(filing no. 30-3, at

CM/ECF p. 50). In other words, it is not entirely clear what language of the plan is at issue.

The court did not find the date, December 31, 2008, anywhere in the plan, and although it has scoured through the previously cited pages, it has not located the plan language that afforded the younger employees an assumed December 31, 2008 retirement date. It may be present, but it was not found. Neither party has provided pinpoint citations to the plan to assist the court in understanding the plan terms, identify which terms applied to the plaintiffs and/or the younger employees, or even clarify which terms are included in the plan amendment.

Accordingly, the court will deny the defendant's motion to dismiss. This matter should be presented by motion for summary judgment, with supporting evidence offered that adequately assists the court in understanding the claims and defenses raised in this case. The parties are further reminded that their motions for summary judgment and responses must be prepared and filed in accordance with Nebraska Civil Rule 56.1. See http://www.ned.uscourts.gov/localrules.

IT THEREFORE HEREBY IS ORDERED: The defendant's motion to dismiss, filing no. 28, is denied.

DATED this 20th day of October, 2008.

BY THE COURT:

s/ David L. Piester
David L. Piester
United States Magistrate Judge