IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| Kathryn Schultz, Marlys E. Rezaian, Katherine A. Cummins, and Connie L. Nelson, | : | Case No. 4:08-cv-3086 |
| | : | |
| Plaintiffs, | : | **STIPULATED PROTECTIVE ORDER** |
| v. | : | |
| Windstream Communications, Inc., | : | |
| Defendant. | | |

WHEREAS, the parties hereto claim that certain information and documents which the parties have or may be requested to provide in discovery should be kept confidential in order to protect legitimate business or privacy interests;

It is hereby ORDERED that this Protective Order shall govern the handling of documents, depositions, deposition exhibits, and any other information (collectively, "Discovery Material") designated as "Confidential" by either party in accordance with this Stipulated Protective Order.

It is FURTHER ORDERED that any person subject to this Protective Order – including without limitation the parties to this action, their representatives, agents, experts and consultants, all third parties providing discovery in this action, and all other interested persons with actual or constructive notice of this Protective Order shall adhere to the following terms:

1. "Confidential Discovery Material" under this Order is defined as: a) written material or information that derives actual independent economic value from not being known to, and not being properly ascertainable by, other persons who can obtain economic value from its disclosure or use, and b) material that is the subject of reasonable efforts to maintain its secrecy, including confidential personnel records, financial records, medical records, and other confidential personal or business information, including, but not limited to, employee pension information, social security numbers, and addresses.

2. Any documents, plans, files or information deemed confidential by the parties shall be marked or stamped as such.  With respect to multi-page documents that contain Confidential Discovery Material, the parties may make such a  designation by marking only the first page thereof "Confidential."  With respect to deposition transcripts and exhibits, a producing person or that person's counsel may indicate on the

record that a question calls for Confidential Discovery Material, or that an exhibit contains Confidential Discovery Material, in which case the transcript of the designated testimony shall be bound in a separate volume and marked "confidential information governed by protective order" by the reporter.
3. If at any time prior to the trial of this action, a producing party realizes that some portion(s) of Discovery Material that that party previously produced without limitation should be designated as Confidential, it may so designate by so apprising all parties in writing, and such designated portions(s) of the Discovery Material will thereafter be treated as Confidential under the terms of this Protective Order except that no liability shall arise from any disclosure of such Discovery Material prior to the designation.
4. Any person subject to this Protective Order who receives from any other person Discovery Material that is designated "Confidential" pursuant to the terms of this Protective Order shall not disclose such Confidential Discovery Materials to anyone else except as expressly permitted hereunder.
5. Except as provided below, only the parties, their counsel and court personnel shall have access to any Confidential Discovery Material. This shall include all counsel responsible for or actively engaged in preparation for or conduct of trial of this action and the employees of such counsel, their witnesses, independent contractors (such as copy services and court reporters), consultants, or experts retained by such counsel; provided however, counsel shall not disclose any Confidential Discovery Material to any witness, expert or consultant who has not executed Exhibit A. Before access to any Confidential Discovery Material is permitted or the information is disclosed by counsel to any witness, expert, or consultant for purposes of this litigation only, counsel for the party so disclosing shall (1) furnish such person with a copy of this Order, (2) advise such person that, pursuant to this Order, Confidential Discovery Material may be used only in connection with this case and shall not be disclosed to any other person for any other purpose or in any other contemplated or actual litigation, and (3) obtain from such person a signed counterpart of Exhibit A attached hereto. Each party shall maintain a list of all persons to whom they have disclosed Confidential Discovery Material and shall retain the signed counterparts of Exhibit A.
6. All Confidential Discovery Material filed with the Court, and all portions of pleadings, motions or other papers filed with the Court that disclose any Confidential Discovery Material, shall be filed under seal with the Clerk of the Court and kept under seal until further order of the Court. The parties will use their best efforts to minimize such sealing. Any document filed under seal will be labeled as follows:

>**"Confidential"**
>
>This envelope contains a [describe document or items contained] that has been designated as protected and confidential to any person other than the Court or its personnel except by order of the Court or upon stipulation of the parties.

7. Any party who either objects to any designation of confidentiality, or who, by contrast, requests additional limits on disclosure (such as "attorneys' eyes only" in extraordinary circumstances), may at any time prior to the trial of this action serve upon counsel for the designating party a written notice stating with particularity the grounds of the objection or request. If agreement cannot be reached promptly, counsel for any affected party will request a conference with the Court to obtain a ruling.
8. Each person who has access to Discovery Material that has been designated as Confidential shall take all due precautions to prevent the unauthorized or inadvertent disclosure of such material.
9. This Protective Order shall survive the termination of the litigation. Within sixty (60) days of the final disposition of this action, all Discovery Material designated as "Confidential," and all copies thereof, shall be promptly returned to the producing person, or, upon permission of the producing person, destroyed.

4852-2548-3267.1

10.This Court shall retain jurisdiction over all persons subject to this Protective Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

11.Nothing in this Order shall be deemed to constitute a waiver of, agreement not to assert, or failure to assert any objection to discovery of any document or thing on grounds other than confidentiality, including the assertion of privilege under Civ. R. 26(b) or other applicable grounds. Nothing in this Order shall affect or impair the right of any party to oppose on any grounds the disclosure of Confidential Discovery Materials to persons not designated in Paragraph 5.

12.This Agreement shall be binding on the Parties in the above-captioned matter, their counsel, their predecessors, successors, parents, subsidiaries, affiliates, employees, agents, representatives, heirs, devisees, and assigns.

                                         BY THE COURT

                                         s/ *David L. Piester*
                                         David L. Piester
                                         United States Magistrate Judge

AGREED TO AND RESPECTFULLY SUBMITTED,

| /s/ Joy Shiffermiller_____ | /s/ Kathryn E. Jones_____ |
|---|---|
| Joy Shiffermiller, #18164 | Thomas J. Kenny,  #20022 |
| Shiffermiller Law Office, P.C., L.L.O. | Kathryn E. Jones, #21957 |
| 1002 G Street | KUTAK ROCK LLP |
| Lincoln, Nebraska 68508 | The Omaha Building |
| Telephone: (402) 484-7700 | 1650 Farnam Street |
| Facsimile:  (402) 484-7714 | Omaha, Nebraska 68102-2186 |
| Joy@joyshiffermiller.com | Telephone: (402) 346-6000 |
|  | Facsimile: (402) 346-1148 |
| Attorney for Plaintiffs | Thomas.Kenny@kutakrock.com |
|  | Kate.Jones@kutakrock.com |

and

Eric S. Clark, Admitted *Pro Hac Vice*
Letitia S. Bryant, Admitted *Pro Hac Vice*
THOMPSON HINE LLP
312 Walnut Street, Suite 1400
Cincinnati, Ohio 45202-4089
Telephone:  (513) 352-6768
Facsimile:  (513) 241-4771
Eric.Clark@thompsonhine.com
Letitia.Bryant@thompsonhine.com

Attorneys for Defendant

4852-2548-3267.1

**CERTIFICATE OF SERVICE**

I hereby certify that on this 5th day of January, 2009, I electronically transmitted the foregoing to the Clerk of the Court using the CM/ECF system which sent notice of electronic filing to the following:

>Joy A. Shiffermiller
>Shiffermiller Law Office, P.C., L.L.O.
>1002 G Street
>Lincoln, Nebraska 68508
>Joy@joyshiffermiller.com

>/s/ Kathryn E. Jones

4852-2548-3267.1

**Exhibit A**

## **AFFIDAVIT**

I, _____, being first duly sworn, depose and state as follows:

1. I have read and know the contents of the Stipulated Protective Order filed in Case No. 4:08-cv-3086 styled, *Kathryn Schultz, et al. v. Windstream Communications, Inc.,* pending in the United States District Court for the District of Nebraska.

2. I have read and shall be fully bound by the terms of the Stipulated Protective Order.

3. I understand that the Court shall have continuing jurisdiction to enforce the provisions of the Stipulated Protective Order.

_____
Name
_____
Date

STATE OF _____

COUNTY OF _____

Signed and sworn to before me on this _____ day of _____, 200__.



_____
Notary Public

4852-2548-3267.1